UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WILLIS, et al.,<br><br>Defendants. | Case No. 2:17-cv-01121-APG-EJY<br><br>**ORDER** |

Pending before the Court is Lausteveion Johnson's Motion for Appointment of Counsel or, in the alternative, Motion for Advisory Counsel. ECF No. 141. The jury trial is set in this matter for October 31, 2022, at 9:00 a.m. The calendar call is set for October 25, 2022, at 9:00 a.m. Plaintiff states that multiple claims are proceeding to trial and while he has some ability to prosecute his case pretrial, he is ill equipped to take this matter to trial without, at minimum, advisory counsel to assist him with jury instructions, voir dire, and other pretrial proceedings. Defendants contend Plaintiff has not demonstrated the extraordinary circumstances necessary to warrant appointment of counsel. ECF No. 143.

There is no dispute that Plaintiff survived summary judgment and is proceeding to trial on two claims—a claim of retaliation against Defendant Rashonda Smith, and a claim of retaliation against Defendant Douglas Thrasher. These Defendants are represented by the Nevada Attorney General's Office.

As a general matter, there is no constitutional right to counsel for civil litigants. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit holds that counsel may be appointed to indigent defendants in "exceptional circumstances." *Palmer v. Valdez*, F.3d 965, 970 (9th Cir. 2009). In considering whether exceptional circumstances exist, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. Difficulties in litigating a

case does not generally qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Here, Plaintiff admits he can articulate his claims, but it is also true that he has virtually no ability to conduct voir dire or prepare jury instructions. Plaintiff does not merely have limited ability to handle either of these tasks; rather, he is quite possibly unable to handle these matters with any success absent guidance from counsel. Thus, the Court finds appointing counsel for purposes of assisting Plaintiff with preparing and conducting voir dire of the jury, preparing jury instruction, and assisting Plaintiff in understanding the rules and processes pertaining to the examination and cross examination of witnesses is appropriate and will assure a more efficient trial for the Court and its participants.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel or, in the alternative, Motion for Advisory Counsel (ECF No. 141) is GRANTED to the extent that this matter is referred to the pro bono program for appointment of counsel to assist Plaintiff in preparing and conducting voir dire, preparing jury instruction, and understanding the rules and processes relating to the examination and cross examination of witnesses.

Dated this 7th day of September, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE